BART M. BOTTA, SBN 092048
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Fax: (949) 752-0953
E-Mail: bart@rjlaw.com

Attorneys for SUNRIVER TRADING COMPANY
LIMITED dba SUNRIVER SALES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRODUCE CENTER, INC., a California Corporation,<br><br>                          Petitioner,<br><br>        v.<br><br>SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES,<br><br>                          Respondent. | CASE NO. CV 08-80116-JW-PVT<br><br>**DECLARATION OF BART M. BOTTA IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR EXTENSION OF TIME TO POST BOND**<br><br>**Date:  July 7, 2008**<br>**Time:  9:00 a.m.**<br>**Courtroom:  8, 4th Flr.** |

I, BART M. BOTTA, declare as follows:

1. I am a partner with the law firm of Rynn & Janowsky, LLP, attorneys of record for Respondent SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES ("Sunriver" or "Respondent"), and I make this declaration in support of Sunriver's Opposition to Petitioner's Motion for Extension of Time to Post Bond filed by Petitioner PRODUCE CENTER, INC. ("Petitioner").

1

2. I have personal knowledge of all matters stated in this declaration and if called as a witness, I would and could competently testify thereto.

3. I have been an attorney with the firm of Rynn & Janowsky, LLP for the past fourteen plus years. Our law firm specializes in representing members of the produce industry in commercial litigation, much of which arises under the Perishable Agricultural Commodities Act of 1930, as amended, [7 U.S.C. §499a, *et seq.*] ("PACA"). Over the past fourteen years, I personally have handled numerous cases arising under PACA, either before the Secretary of Agriculture in administrative proceedings or before various Federal District Courts and Circuit Courts of Appeal located throughout the United States. The PACA matters I have either handled or have been personally involved with for our clients have included at least seven *de novo* appeals of reparation awards under 7 U.S.C. §499g(c). Our law firm has represented clients in over five hundred PACA disputes since its inception in 1986. As such, I have personal knowledge of the following facts about which I could and would competently testify if called as a witness.

4. Based upon my experience and understanding of the Act, a party which is ordered to pay reparations (losing party) to a complainant by the Secretary of Agriculture under PACA has three options: 1) pay the amount awarded or some other amount agreeable to complainant within thirty (30) days of the issuance of the award; 2) file and perfect a *de novo* appeal with the appropriate District Court of the Secretary's decision within thirty (30) days of its issuance; or 3) accept a suspension of its PACA license for a period of two or three years. In exercising the second option, a party has not effectively lodged an appeal from a reparation award, unless, within the same thirty (30) day period, it has also posted the requisite bond. *See* 7 U.S.C. §499g(c).

5. At the time our law firm was retained by Sunriver to defend its reparation award before this Court, my billable rate was $350.00 per hour, the hourly rate for associate attorneys was $295.00, the rate for paralegals was $125.00 per hour.

6. In the *de novo* appeals in which our law firm was retained to defend the appellees and which were litigated through trial, our client's attorney's fees alone

2

incurred in defending the reparation award issued by the Secretary have never been less than $25,000. For example, attached to this declaration are copies of two published cases in which our clients, as successful appellees in *de novo* appeals of PACA reparation decisions, were awarded their fees and costs in amounts which substantially exceeded the original amounts in controversy. The first case, attached hereto as **Exhibit 1**, is entitled *Tray Wrap, Inc. v. Meyer Tomatoes,* 1996 WL 54321 (Feb. 9, 1996 S.D.N.Y. ). In this action, Tray Wrap, Inc. brought a *de novo* proceeding of a decision awarding Meyer Tomatoes reparation in the amount of $21,971.50, plus accrued interest. In addition to the reparation award, the District Court awarded our client, Meyer Tomatoes, $45,212.83 in fees and costs incurred in defending the *de novo* appeal. When Tray Wrap unsuccessfully appealed the District Court's decision to the Circuit Court, the Second Circuit Court of Appeal awarded our client an additional $32,418.52 incurred in connection with the appeal. In the second case, attached hereto as **Exhibit 2**, our client, DiMare Homestead, Inc., ("DiMare") had been awarded $4,800.00 by the Secretary of Agriculture, and the losing party, Koam Produce, Inc., appealed the reparation award pursuant to section 499g(c) of the Act. After trial, the District Court upheld the Secretary's $4,800 reparation and, in addition, awarded DiMare, the successful appellee, $73,250.00 in attorney's fees. *See, Koam Produce, Inc. v. DiMare Homestead, Inc.,* 222 F. Supp 2d 399 (S.D.N.Y. 2002). The Second Circuit Court of Appeal affirmed the District Court's attorney fee award on appeal [329 F. 3d 123, at 131 (2nd Cir. 2003)]. Both of the proceedings referenced herein were bench trials.

7.   Thus, since Petitioner did not post a bond in a sufficient amount (or any amount at all) to cover the amount of the underlying reparation order plus interest and attorney fees within the statutory thirty (30) day period, the present appeal must be dismissed.

8.   For the foregoing reasons and for those set forth in our Opposition Memorandum of Points and Authorities filed in conjunction herewith, since Petitioner failed to post the required statutory bond in the required amount by the required deadline,

Sunriver respectfully urges this Court to find that Petitioner failed to properly and timely perfect its appeal *de novo* and to accordingly dismiss Petitioner's complaint and appeal.

9. Further, since the PACA requires the appellee be awarded its fees in the appeal should the appellee prevail, Sunriver requests that the Court order that Petitioner be required to reimburse Sunriver for its attorney fees incurred pursuant to 7 U.S.C. §499g(c), in the amount of $1,225.00 plus any additional fees incurred if an oral hearing is held on this matter. This amount is based on the fact that to date, I have expended 3.5 hours on this matter at a billable rate of $350.00 per hour for a total of $1,225.00. In addition, should a hearing be necessary, the undersigned requests that it be permitted to file a supplemental declaration supporting the additional attorney fees incurred by Sunriver.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 16th day of June 2008 at Newport Beach, California.

/s/ Bart M. Botta
BART M. BOTTA

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1 of 1 DOCUMENT

TRAY-WRAP, INC., Plaintiff, -v- MEYER TOMATOES, Defendant.

90 CIV. 7688 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1996 U.S. Dist. LEXIS 1387

February 8, 1996, Dated
February 9, 1996, FILED

COUNSEL: [*1] APPEARANCES:

Linda A. Strumpf, Esq., New York, New York, Attorney for Plaintiff.

Lewis P. Janowsky, Esq., RYNN & JANOWSKI, Newport Beach, California, Attorneys for Defendant.

JUDGES: DENISE COTE, United States District Judge

OPINION BY: DENISE COTE

OPINION

*OPINION & ORDER*

DENISE COTE, District Judge:

On December 10, 1995, the United States Court of Appeals for the Second Circuit granted the motion of Meyer Tomatoes ("Meyer"), an appellee, for attorney's fees and costs and remanded the matter to the District Court to fix an appropriate amount. Meyer seeks $ 40,933.50 in fees and $ 2,581.58 in costs, for a total of $ 43,515.08. For the reasons given below, these figures are reduced to $ 30,000 and $ 2,418.52 respectively.

*Background*

In an action conducted pursuant to the Perishable Agricultural Commodities Act ("PACA"), the Secretary of the Department of Agriculture had awarded Meyer its full contract price, $ 21,971.50, plus interest, in payment for tomatoes Meyer had shipped to Tray-Wrap. Tray-Wrap had rejected the tomatoes on the ground that they were damaged. Tray-Wrap appealed and, following a bench trial, this Court awarded Meyer 78% of the contract price, or [*2] $ 18,080.40, plus interest. In addition, pursuant to Section 499(g)(c) of Title 7, U.S.C., the Court awarded Meyer $ 45,212.83 in attorney's fees and costs in connection with the litigation before the District Court. Tray-Wrap appealed the judgment to the Court of Appeals for the Second Circuit, which summarily affirmed it and awarded fees and costs for the appellate litigation to Meyer.

*Issues on Remand*

Tray-Wrap presents three challenges to the amount claimed by Meyer in its request for appellate fees and costs. First, that the affidavit supporting local counsel's request for fees and costs was not included in the papers served on Tray-Wrap in connection with this application. Second, that Meyer should not be reimbursed for the costs of its cross appeal. Third, that the amount of time for which Meyer seeks reimbursement is excessive since Tray-Wrap's own counsel only spent 40 hours on the appeal.

The first argument can be dismissed summarily. Tray-Wrap admits that it had the affidavit of local counsel in connection with Meyer's original application to the Second Circuit for fees and expenses. Tray-Wrap was not prejudiced, therefore, by the omission of the affidavit from the [*3] papers served after the remand.

Tray-Wrap is also responsible for the fees and costs associated with the cross appeal by Meyer. In this context, it is useful to note that Meyer did not file its own appeal within 30 days of the entry of judgment, as required by *Fed.R.App. 4(a)(1)*, but only filed a cross appeal in response to the appeal of Meyer. Moreover, when Tray-Wrap brought its appeal it was entirely foreseeable that Meyer would respond by challenging the District Court's finding that Meyer had breached the contract, since the principal issue raised by the cross appeal was integrally connected with Tray-Wrap's appeal.



Case 5:08-mc-80116-JW   Document 8-2   Filed 06/16/2008   Page 2 of 3

Page 2
1996 U.S. Dist. LEXIS 1387, *

This Court had found that Meyer had breached its contractual obligations to Tray-Wrap by shipping tomatoes that did not meet the contract specifications, thus giving Tray-Wrap the right to reject the tomatoes. The Court also held, however, that Tray-Wrap had an obligation to dispose of the rejected tomatoes in a reasonable manner, which it failed to do. Consequently, the Court required Tray-Wrap to pay the full contract price minus the price of those tomatoes that failed to meet contract specifications. By appealing that portion of the decision which held that Tray-Wrap [*4] had an obligation to dispose of the tomatoes, Tray-Wrap invited a cross appeal on the finding that Meyer had breached the contract. The finding of breach was the foundation from which Tray-Wrap's obligation arose. If Meyer were successful in its appeal of the finding of breach, Tray-Wrap's would necessarily lose its appeal, as well of course, be obligated to pay the full contract price. In these circumstances, therefore, there is no unfairness in requiring Tray-Wrap to pay the fees and costs associated with the cross appeal.

Moreover, Tray-Wrap has pointed to no authority to support its argument that, in effect, a prevailing party's fees and expenses should be apportioned between that amount attributable to the issues on which it prevailed, which it may then recover, and that amount expended on issues on which it lost, and on which it may thus not recover. To the extent any adjustment is due, it is more appropriately made as part of the assessment of whether the fees and costs for which reimbursement is sought are reasonable. This conclusion is buttressed by the two recent Circuit decisions which address the award of attorney's fees in PACA actions.

The award by the Secretary in [*5] *Tray-Wrap, Inc. v. Homestead Tomato Packing Co., 933 F.2d 1130 (2d Cir. 1991)*, of $ 7,800 was for only a portion of the unpaid purchase price. The District Court affirmed the award and that judgment was in turn affirmed by the Second Circuit by summary order. The Court of Appeals affirmed an award of attorney's fees of over $ 17,000 at the District Court level and required a payment of over $ 12,000 for attorney's fees at the Circuit level without any discussion of apportionment based on issues won or lost.

In *Robinson Farms Co. v. D'Acquisto, 962 F.2d 680 (7th Cir. 1992)*, the award by the Secretary had been for $ 3,030, the full price of the contract. The trial court had reduced the recovery to $ 721.60 and refused to award attorney's fees to the prevailing party in an exercise of its discretion. The Seventh Circuit reversed the decision regarding attorney's fees, holding that Section 499(g)(c), by its use of the term "shall", requires district courts to award fees to prevailing parties. This statutory scheme encourages smaller shippers and buyers to sue rather than succumb to "renegotiation" of a transaction's terms as perishable food spoils. *Id. at 685*. Again, nothing [*6] in the case suggests a basis for any apportionment. To the contrary, fees were awarded to the "prevailing" party, despite the fact that its amount of recovery was substantially reduced by the trial court.

Finally, the Court must determine whether Meyer's request for fees and costs is reasonable. When fees are requested,

> the burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested.

*F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987)*. In addition to determining the appropriate number of hours in awarding attorney's fees, the Court must also determine whether the rate is reasonable. *Missouri v. Jenkins, 491 U.S. 274, 276, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1986)*. In so doing, the court may take judicial notice of the prevailing rates in the legal community. *Miele v. New York State Teamsters Conf. Pension & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)* [1].

   1   The rate is reasonable and is not challenged here.

[*7] Meyer has submitted an application based on 206.1 hours of work. Tray-Wrap argues that this is excessive since its counsel only spent 40 hours of work on the appeal. A review of the Meyer time records indicates that the majority of the time for which compensation is sought was reasonably applied to the appeal and should be awarded. Certain categories of fees have, however, been stricken from the award. [2] Another source of data regarding reasonable attorney's fees in this case is the amount of fees sought for the four year period in which this matter was litigated in the District Court as compared to the amount sought for the appeal. During the lower court litigation, Meyer incurred attorney's fees of $ 38,325 and costs of $ 10,166.22 for its trial counsel and fees of $ 7,493.15 for its local counsel. This included litigation of motions, discovery, trial preparation, a trial, and post-trial briefing. For the appeal, Meyer seeks $ 43,515.08 for its fees and costs. Finally, the Court has reviewed the briefs filed on appeal. Based on a review of the time records and the appellate briefs, and the other matters discussed herein, it is hereby

ORDERED that Meyer Tomatoes is awarded attorney's [*8] fees of $ 30,000.00 and costs of $ 2,418.52 in

connection with the appeal to the Second Circuit in this matter.

2  The categories stricken include letters and correspondence with persons unidentified in the submissions; telephone calls following the appellate argument; time spent in arranging to appear pro hoc vice; some of the time spent traveling to attend the appellate argument; time spent contacting the USDA; most of the time spent consulting with local counsel; some of the time spent reviewing scheduling orders; correspondence with trial witnesses; and an upward adjustment by local counsel for recovery of fees that had not been billed to the client. The Court assumed that those hours marked "N/C", such as time spent billing, were hours for which Meyer did not charge its client and does not seek recovery.

SO ORDERED:

Dated: New York, New York

February 8, 1996

DENISE COTE

United States District Judge

LEXSEE 222 FSUPP2D 399

**KOAM PRODUCE, INC., Petitioner, v. DIMARE HOMESTEAD, INC., Respondent.**

01 Civ. 2494(LLS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*222 F. Supp. 2d 399; 2002 U.S. Dist. LEXIS 18534*

September 30, 2002, Decided
October 1, 2002, Filed

**SUBSEQUENT HISTORY:** *Affirmed by Koam Produce, Inc. v. DiMare Homestead, Inc., 2003 U.S. App. LEXIS 8763 (2d Cir. N.Y., May 9, 2003)*

**DISPOSITION:** [**1] Defendant's motion for attorney's fees and costs granted, with interest.

**COUNSEL:** For KOAM PRODUCE, INC., petitioner: Paul T. Gentile, Gentile & Dickler, New York, NY.

For DIMARE HOMESTEAD, INC., respondent: David M. Dahan, Colucci & Umans, New York, NY.

**JUDGES:** LOUIS L. STANTON, U.S.D.J.

**OPINION BY:** LOUIS L. STANTON

**OPINION**

[*400] Opinion and Order

Pursuant to the statute, DiMare moves for an award of $ 73,250 in attorneys fees plus $ 7,067.67 in costs and expenses, totaling $ 80,317.67. Although that amount is over sixteen times the compensatory award made by the Secretary of Agriculture ($ 4,800), the importance of the principle at stake far exceeds the amount of the award. The work required to be done by the lawyers was substantial, the result was successful, and the charges are not unreasonable.

The proceedings in this court included: (1) a motion to vacate the Secretary of Agriculture's decision, based on an alleged conflict of interest because both the bribed inspectors and the Judicial Officer held positions under the Department of Agriculture; (2) a non-jury trial de novo of the merits, based upon an extensive Stipulation [**2] of Fact prepared by counsel, and their briefs; (3) a post-trial motion for a new trial, based on alleged errors; and (4) preparation of the fee application and reply to Koam's opposition. Together with the preparation, court conferences, and other necessary incidental work, 307.6 hours of work were required. Thus, the $ 73,250 of legal fees represents a blended rate of $ 238 per hour.

The Statute

As stated in *Frankie Boy Produce Corp. v. Sun Pacific Enterprises, 2000 U.S. Dist. LEXIS 15069*, No. 99 Civ 10158 (DLC), 2000 WL 1532914 at *1 (S.D.N.Y. Oct. 17, 2000):

> Under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § [*401] 499a et seq. when a decision of the Secretary is appealed to a district court, the "appellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." *7 U.S.C. § 499g(c)*. If the appellee prevails, an award of attorney's fees is mandatory; it is not within the discretion of the district court. See *Robinson Farms Co. v. D'Acquisto, 962 F.2d 680, 684 (7th Cir. 1992)*; see also *Tray-Wrap, Inc. v. Meyer Tomatoes, 1996 U.S. Dist. LEXIS 1387*, No. 90 Civ. 7688 (DLC), 1996 WL 54321 at *2 (S.D.N.Y. Feb. 9, 1996). [**3]

Koam argues that the PACA's provision is unconstitutional ("... the appellant, here the petitioner, is denied due process." Opposition, P 7) because it allows for fees


EXHIBIT 2

Case 5:08-mc-80116-JW    Document 8-3    Filed 06/16/2008    Page 2 of 2

Page 2

222 F. Supp. 2d 399, *; 2002 U.S. Dist. LEXIS 18534, **

to an appellee but not to an appellant. That contention is meritless. Congress recognized that in almost every case the amount of the Secretary's award would be less than the cost of appeal to, and trial de novo in, a federal district court. Accordingly, it provided for attorneys fees and costs to a prevailing appellee, regardless of whether the appellee was a shipper or a purchaser. That involves no denial of due process to either party. The provision is meant to provide means for both shippers and buyers to defend their rights under the statute, regardless of how small the amount in controversy. If the costs of defending its favorable decision by the Secretary were not reimbursed to a prevailing appellee, then the losing party could destroy the value of the Secretary's award, by merely noticing an appeal. As between shippers and buyers, the statute is neutral.

Koam's Other Objections

Several of Koam's objections stem from its assertion that DiMare's use of out-of-town counsel [**4] (with consequent travel, communication with local counsel, need for pro hac vice admission etc.) was a "luxury and not a necessity." Opposition P 3. On the contrary, it is normal that an out-of-state shipper will employ its main counsel from outside New York. There is no a priori reason why an out-of-state shipper should be compelled to rely solely upon New York counsel, with whom it is almost sure to be unfamiliar. Representation by out-of-state counsel should be viewed as the normal course of business, not a luxury. See *Frankie Boy, 2000 U.S. Dist. LEXIS 15069, 2000 WL 1532914* at *2 ("Where an out-of-state defendant ... is forced to defend itself in a lawsuit in New York, it is reasonable and expected for that defendant to be represented by out-of-state and local counsel.").

Most of Koam's remaining objections are inconsequential, *e.g.*, that some conversations were not charged for, that some portions of entries were blacked out to preserve attorney-client confidentiality, and that the Florida Fruit & Vegetable Association may have assisted in paying for the litigation. Generally, the reasonableness of the fee is calculated without regard to who paid it. Additionally, while it is [**5] true that Colucci & Umans' expenses are for unidentified purposes and thus should not be allowed, it seems that no application has been made for them.

Conclusion

The rates charged by Colucci & Umans and Rynn & Janowsky are approved as reasonable. Colucci & Umans' attorneys fee in the total amount of $ 5,785 is approved, and Rynn & Janowsky's attorneys fee in the amount of $ 67,465 is approved. Their bill for costs in the amount of $ 7,067.67 may be presented for taxation by the clerk in the usual course.

Prejudgment interest at ten percent per annum from November 16, 2000, the date of the award, and the $ 300 handling fee awarded by the Judicial Officer of the United States will be allowed. See *Frankie* [*402] *Boy, 2000 U.S. Dist. LEXIS 15069, 2000 WL 1532914* at *3 ("The ten percent rate of interest comports with awards in comparable cases and is not unreasonable.") (citing cases).

So ordered.

Dated: New York, New York

September 30, 2002

LOUIS L. STANTON

U.S.D.J.