BART M. BOTTA, SBN 092048
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Fax: (949) 752-0953
E-Mail: bart@rjlaw.com

Attorneys for SUNRIVER TRADING COMPANY
LIMITED dba SUNRIVER SALES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRODUCE CENTER, INC., a California Corporation,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES,<br><br>　　　　Respondent. | CASE NO. CV 08-80116-JW-PVT<br><br>**MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION OF COURT'S JUNE 6, 2008 ORDER ALLOWING ADDITIONAL TIME FOR PETITIONER TO POST APPEAL BOND**<br><br>**Northern District Civil Local Rule 7-9**<br><br>**[No hearing to be set]** |

**PLEASE TAKE NOTICE** that Respondent SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES CAL-NET PRODUCE, INC. ("Sunriver"), through its attorneys of record herein, hereby moves this Court for leave of Court under Northern District Civil Local Rule 7-9, requesting that it be permitted to file a motion for reconsideration of the Court's order dated June 6, 2008, in which it extended the time for

Petitioner PRODUCE CENTER, INC. ("Petitioner") to post an appeal bond, which is a jurisdictional prerequisite to perfecting an appeal under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, *et seq.* ("PACA"), and as such, Sunriver's position is that the deadline cannot be extended.

This motion is based on the following authorities and legal argument.

# I.

### LOCAL RULE 7-9 PROVIDES GROUNDS FOR ALLOWING RECONSIDERATION OF THE COURT'S JUNE 6, 2008 ORDER

Northern District of California Local Rule 7-9 governs motions for reconsideration, and it provides in relevant part as follows:

> **(a) Leave of Court Requirement.** Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.
>
> **(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Motion for Leave of Court to
File Motion for Reconsideration
Case No. CV 08-80116-JW-PVT         2

Sunriver received a motion filed by Petitioner requesting additional time to file a bond in order to perfect its appeal of the administrative PACA decision entered in favor of Sunriver. This motion set the hearing for July 7, 2008. Therefore, based on this hearing date, Sunriver's opposition was due on June 16, 2008. Sunriver e-filed its opposition on June 16, 2008, but determined at that point in time that an order granting the requested extension had already been granted. Therefore, the opposition that Sunriver e-filed in a timely manner was never considered by the Court. Thus, Sunriver respectfully requests reconsideration (or more accurately, consideration) of the arguments and authorities raised in its opposition and supporting papers which were filed on June 16, 2008. In order to have the Court consider these arguments, leave of Court must first be granted, and this is what Sunriver respectfully requests by the present motion.

The grounds supporting an order allowing leave are clear in this particular situation. Namely, under Local Rule 7-9 (b)(1), leave to file reconsideration is proper if a "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Since the Court did not consider any of the legal argument presented by Sunriver, there most certainly is a material difference from what was presented. Moreover, leave is also appropriate under subsection (3) as the Court failed to consider dispositive legal arguments prior to granting the interlocutory order since the requested extension of time was viewed as simply an administrative request and not a jurisdictional deadline incapable of being extended.

As will be set forth in more detail if the Court grants leave to file the motion for reconsideration, the statutory and case authority support dismissal of this appeal on the grounds that the Court lacks jurisdiction over the subject matter of the litigation pursuant to Fed. R. Civ. Proc. 12(b)(1) in that the Petitioner failed to file a bond on time, which is a mandatory and jurisdictional prerequisite that cannot be modified or extended under 7 U.S.C §499g.

Petitioner's failure to comply with the jurisdictional requirements of the statute 7 U.S.C. §499g which require that it also post a bond in the form of cash, negotiable securities, or the undertaking of a surety in double the amount of the award within a 30-day time period deprives the Court of jurisdiction over this appeal as a matter of law.

The Perishable Agricultural Commodities Act [7 U.S.C. §§499a *et seq.*] provides this Court with appellate jurisdiction to review, on a *de novo* basis, decisions of the Secretary of Agriculture.  The party adversely affected by an administrative decision is allowed to appeal the decision to the District Court.  7 U.S.C. §499g(c).  However, an appeal from a reparation order of the Secretary of Agriculture under the Act is not effective, unless within 30 days from the date of the reparation order, the appellant also files with the clerk of the District Court a bond in the form of cash, negotiable securities, or the undertaking of a surety, in double the amount of the reparation awarded.  The statute specifically and unequivocally states as follows:

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States for the district in which said hearing was held. . . Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal. . . **Such appeal *shall not be effective* unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including reasonable attorneys' fees for the appellee, if the appellee shall prevail**.  **Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of the bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States.**

7 U.S.C. §499g(c)(emphasis added).

The timely filing of a bond in the appropriate amount is a jurisdictional prerequisite for judicial review of a decision of the Secretary under the Act. *O'Day v. George Arkalian Farms, Inc.*, 536 F. 2d 856, 862 (9th Cir. 1976); *C.A. Miloslavich v. Frutas Del Valle Guadalupe, S.A.*, 637 F. Supp. 434, 436 (S.D. Cal. 1986).

Accordingly, the failure to file a bond is a fatal jurisdictional defect, requiring <u>dismissal of the appeal</u>. *See Chidsey v. Guerin*, 314 F. Supp. 480 (W.D. Mich. 1970), *aff'd,* 443 f.2d 584 (6th Cir. 1971).  In *Chidsey*, the Plaintiff filed an appeal of a reparation decision and petitioned for leave to proceed without a bond because he lacked sufficient assets to obtain a surety bond. *Id.* at 481.  The court denied the Plaintiffs request, holding that the bond requirement is indeed jurisdictional and does not violate the Plaintiff's Fifth Amendment rights. *Id.* at 481-82.

The Ninth Circuit Court of Appeals has recognized that the right to appeal may properly be conditioned upon the posting of a security sufficient to protect the appellee "from loss of damages already awarded, interest and (citation omitted) costs on appeal, including reasonable attorney's fee." *O'Day,* 536 F. 2d at 860.  The reason for the bond requirement is to assure that the appellee can later collect the amount it is owed and to encourage the appellee to defend the reparation order in the District Court. *Frutas*, 637 F. Supp. At 439 (citing *O'Day).*   Congress also intended "to discourage frivolous appeals taken for the purpose of delaying payment and thereby tending to defeat the purpose of the act." H.R. No. 915, 75th Cong., 1st Sess., at 3 (1937).

The Ninth Circuit case of *Saharoff v. Commodity Futures Trading Commission, et al.,* 638 F.2d 90 (9th Cir. 1980) is also very relevant to the present matter.  Similar to the PACA, the Commodity Futures Trading Commission has an administrative hearing process and also allows for appeals of reparation orders.  Similar to an appeal of a PACA reparation order, an appeal of a Commodity Exchange Act reparation order is conditioned on the filing of a bond in double the amount of the reparation award within 30 days.  Section 18 of the Commodity Exchange Act has an appeal provision which mirrors the PACA (7 U.S.C. §499g(c)) almost identically, and states as follows:

> **Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if**

Motion for Leave of Court to
File Motion for Reconsideration
Case No. CV 08-80116-JW-PVT         5

> **the appellee shall prevail.** Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States. The appellee shall not be liable for costs in said court. If the appellee prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs.

7 U.S.C. § 18(e)(emphasis added).

As can be seen by comparing this language of the Commodities Exchange Act to the language of the PACA (7 U.S.C. §499g(c)) quoted above, the appeal language is almost identical under the two acts. The Ninth Circuit in the *Saharoff* case addressed this statute on the appeal of a reparation order and even looked to the Ninth Circuit *O'Day* case which addressed the bond requirement under the PACA. The issue in *Saharoff* was whether an appeal was effective when the appellant failed to file a bond within the 30-day period. The Ninth Circuit in *Saharoff* ruled that the plain meaning of the statutory language clearly requires that a bond be posted within the 30-day period. In other words, the filing of the bond is a <u>mandatory requirement</u> that must be complied with by the appellant within the 30-day period before there can be any judicial review. Since the appellant in *Saharoff* did not comply with the bond requirement, the appeal was dismissed (the Ninth Circuit also briefly addressed equal protection and due process arguments and held that these protections are not violated by the bond requirements).

Likewise, the appeal in the present case should be dismissed for the same reasons as set forth in the *Saharoff* case. Petitioner has not filed any bond at all in this appeal. Instead, Petitioner filed a Motion for Extension of Time to File Bond. Since the bond requirement is a jurisdictional prerequisite that Congress has made clear <u>must</u> be done within 30-days, Sunriver respectfully requests leave of Court to file a motion for reconsideration of the Court's decision that granted additional time to Petitioner to file a bond.

Allowing Petitioner to proceed with this action without posting a bond within the 30-day period would subvert Congress' intent with respect to the bond requirement.

Motion for Leave of Court to
File Motion for Reconsideration
Case No. CV 08-80116-JW-PVT         6

Congress made it very clear that not only must a liquid bond be filed in order to be available to the non-appealing party (Sunriver here), but that such bond must be filed within 30-days of the order from which Petitioner appeals.

## II.

## CONCLUSION

The statute and the case law demonstrate that Petitioner failed to meet the PACA jurisdictional requirements for eligibility to have this Court consider its Petition for *de novo* review.  Therefore, because Petitioner failed to perfect the appeal within the 30-days allowed for such appeals by the Act (i.e., 30 days from the date of PACA Department's Decision and Order dated April 23, 2008), this Court is without jurisdiction to hear this case.  Since the relevant statutory and case authorities on this issue were not considered by the Court, grounds for permitting a motion for reconsideration to be filed as set forth in Northern District Local Rule 7-9 have been met, and Sunriver respectfully requests that the Court therefore grant such leave to Sunriver to file its motion for reconsideration.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED:  June 17, 2008               /s/  Bart M. Botta
BART M. BOTTA, Attorneys for
SUNRIVER TRADING COMPANY
LIMITED dba SUNRIVER SALES