BART M. BOTTA, SBN 092048
MARION I. QUESENBERY, SBN 072308
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Fax: (949) 752-0953
E-Mail: bart@rjlaw.com

Attorneys for Respondent

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PRODUCE CENTER, INC., a California Corporation,<br><br>Petitioner,<br><br>v.<br><br>SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES,<br><br>Respondent. | CASE NO. CV 08-80116-JW-PVT<br><br>**RESPONDENT'S MOTION FOR RECONSIDERATION OF COURT'S JUNE 6, 2008 ORDER ALLOWING ADDITIONAL TIME FOR PETITIONER TO POST APPEAL BOND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing Date: July 7, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 8, 4th Flr.** |

**I.**

**INTRODUCTION**

This is an attempted *de novo* appeal of an administrative decision of the U.S. Department of Agriculture, PACA Division in favor of Respondent herein SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES ("Sunriver"), which was filed by Petitioner PRODUCE CENTER, INC. ("Produce Center" or "Petitioner"). Sunriver prevailed in the underlying administrative case, and the losing party, Produce Center, attempted to appeal the administrative decision under the authority of 7 U.S.C. §499g which provides for appeals of administrative decisions to the U.S. District Court.

1

For all of the reasons and authorities set forth below, Sunriver requests that the Court reconsider its Order dated June 6, 2008, in which it extended the time for Petitioner to file a bond in connection with the appeal, and respectfully requests that this Court dismiss this appeal on the grounds that this Court lacks jurisdiction over the subject matter of the litigation pursuant to Fed. R. Civ. Proc. 12(b)(1) in that Petitioner failed to file a bond on time, which is a mandatory and jurisdictional prerequisite that cannot be modified under 7 U.S.C §499g.

## II.

## STATEMENT OF FACTS

Sunriver is, and during all times relevant herein was licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, *et seq.* ("PACA"), holding PACA license number 20031233. On or about December 6, 2006, Sunriver sold to Petitioner 1,950 cartons of Red Globe grapes for a total contract price of $34,540.00. A U.S.D.A. inspection was performed on arrival at the product's destination, and Petitioner paid $5,170.73, which Sunriver applied to the balance due. Sunriver filed a PACA reparation complaint against Petitioner to collect the remaining balance, and on April 23, 2008, the Judicial Officer of the PACA Branch of the U.S.D.A. issued its Decision and Order awarding damages to Sunriver in the amount of $23,814.27, plus $300 filing fee, plus interest at 1.67% per annum from January 1, 2007 until the reparation award was paid in full.

It is this Decision and Order that Petitioner attempts to appeal to this Court. However, as will be shown below, Petitioner has failed to meet the jurisdictional prerequisites to perfect its appeal, and therefore, this appeal must be dismissed.

More specifically, Petitioner filed a "Notice of Appeal" and a "Petition Regarding U.S.D.A. Decision and Order" with this Court on May 23, 2008, pursuant to 7 U.S.C. §499g, which allows an appeal of a U.S.D.A. Decision and Order directly to the District Court. However, Petitioner failed to comply with the jurisdictional requirements of the statute which require that it also post a bond in the form of cash,

negotiable securities, or the undertaking of a surety in double the amount of the award within that same 30-day time period. Petitioner instead requested an extension of time to file a bond, which the Court granted by Order dated June 6, 2008; it is this Order that Sunriver now seeks reconsideration. Petitioner's failure to post the appropriate bond with its Petition to this Court within the 30-day statutory period, deprives the Court of jurisdiction over this appeal as a matter of law. Accordingly, the Petition and appeal must be dismissed in their entirety.

## III.

## ARGUMENT

A. **SUNRIVER HAS MET THE GROUNDS OF LOCAL RULE 7-9 AND THEREFORE THE COURT'S JUNE 6, 2008 ORDER SHOULD BE REVERSED ON RECONSIDERATION**

Northern District of California Local Rule 7-9 governs motions for reconsideration, and it provides in relevant part as follows:

> **(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Sunriver received a motion filed by Petitioner requesting additional time to file a bond in order to perfect its appeal of the administrative PACA decision entered in favor of Sunriver. This motion set the hearing on Petitioner's request for July 7, 2008.

1  Therefore, based on this hearing date, Sunriver's opposition was due on June 16, 2008.
2  Sunriver e-filed its opposition on June 16, 2008, but determined at that point in time that
3  an order granting the requested extension had already been granted. Therefore, the
4  opposition that Sunriver e-filed in a timely manner was never considered by the Court.
5  Thus, Sunriver obtained leave of Court to file this Motion for Reconsideration (by the
6  Court's June 24, 2008 Order), and hereby submits this Motion for Reconsideration
7  pursuant to that Order.

8  Under Local Rule 7-9 (b)(1), reconsideration is proper if a "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Since the Court did not consider any of the legal argument presented herein by Sunriver when it issued the Order allowing additional time, there most certainly is a material difference from what was presented. Moreover, under subsection (3), since Sunriver's dispositive legal arguments were not considered by the Court at the time the Court issued its Order allowing Petitioner additional time, Sunriver now respectfully requests that the Court reconsider the Order allowing extra time. As demonstrated by the authorities herein, the statutory and case authority support dismissal of this appeal on the grounds that the Court lacks jurisdiction over the subject matter of the litigation pursuant to Fed. R. Civ. Proc. 12(b)(1) in that the Petitioner failed to file a bond on time, which is a mandatory and jurisdictional prerequisite that cannot be modified under 7 U.S.C §499g.

Reconsideration of the Court's Order is also proper under Fed.R.Civ.Procedure 59(e), which permits a court to grant a motion for reconsideration in order to correct a clear error of law or prevent manifest injustice. *See, e.g., Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005).

A motion for reconsideration is considered a motion to alter or amend an order once a final order has been entered. *Trujillo v. Board of Education of Albuquerque Public Schools,* 470 F.Supp.2d 1270 (N.M. 2005), *decision affirmed and remanded*

4

2007 WL 80698. Fed.R.Civ.Procedure 60, at subsection (b)(6), permits broad relief from an order for "**any other reason that justifies relief**." (Emphasis added.)

Here, the Court granted the requested extension of time to file a bond without knowledge that the statute permitting the appeal of the administrative decision requires that the bond be filed within 30-days. Therefore, Sunriver respectfully requests that the Court reconsider its Order granting additional time to Petitioner to file the appeal bond. This requested correction is also proper as it qualifies as "any other reason that justifies relief" under FRCP Rule 60(b)(6). Courts have the wide discretion to grant relief to exercise conformity with law, reason, and justice. *Farmers Co-op. Elevator Ass'n. v. Strand,* 382 F.2d 224 (8th Cir. 1967); *U.S. v. Sipler,* 94 F.Supp. 987 (M.D. Pa. 1951), *judgment aff'd*, 191 F.2d 816 (3d. Cir. 1951). Further, discretion which a trial court has in determining an application for relief from a judgment or order ordinarily should incline towards granting, rather than denying, relief. *In re Cremidas' Estate,* 14 Alaska 234, 14 F.R.D. 15 (Alaska 1953).

B. **THIS COURT LACKS JURISDICTION TO HEAR THIS CASE UNDER RULE 12(b)(1)**

The Perishable Agricultural Commodities Act [7 U.S.C. §§499a *et seq.*] provides this Court with appellate jurisdiction to review, on a *de novo* basis, decisions of the Secretary of Agriculture. The party adversely affected by an administrative decision is allowed to appeal the decision to the District Court. 7 U.S.C. §499g(c). However, an appeal from a reparation order of the Secretary of Agriculture under the Act is not effective, unless within 30 days from the date of the reparation order, the appellant also files with the clerk of the District Court a bond in the form of cash, negotiable securities, or the undertaking of a surety, in double the amount of the reparation awarded. A *de novo* appeal to U.S. District Court is a very beneficial privilege made available to the losing party and thus, the statutory requirements must be strictly followed by the party seeking appeal. The statute unequivocally states as follows:

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such

5

order, appeal therefrom to the district court of the United States for the district in which said hearing was held. . . Such appeal shall be perfected by the filing with the clerk of said court a notice of appeal. **Such appeal *shall not be effective* <u>unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including reasonable attorneys' fees for the appellee, if the appellee shall prevail</u>. Such bond <u>shall</u> be in the form of cash, negotiable securities having a market value at least equivalent to the amount of the bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States.** 7 U.S.C. §499g(c)(emphasis added).

The mandatory "shall" language of the statute is clear and demonstrates the Congressional intent to make the timely filing of a bond in the appropriate amount a jurisdictional prerequisite for judicial review of a decision of the Secretary of Agriculture under the Act. *O'Day v. George Arkalian Farms, Inc.*, 536 F. 2d 856, 862 (9th Cir. 1976); *C.A. Miloslavich v. Frutas Del Valle Guadalupe, S.A.*, 637 F. Supp. 434, 436 (S.D. Cal. 1986). Accordingly, the failure to file a bond within the statutory time is a fatal jurisdictional defect, requiring <u>dismissal of the appeal</u>. *See Chidsey v. Guerin*, 314 F. Supp. 480 (W.D. Mich. 1970), *aff'd,* 443 f.2d 584 (6th Cir. 1971). In *Chidsey*, the Plaintiff filed an appeal of a reparation decision and petitioned for leave to proceed without a bond because he lacked sufficient assets to obtain a surety bond. *Id.* at 481. The court denied Plaintiff's request, holding that the bond requirement is indeed jurisdictional and does not violate any of Plaintiff's Fifth Amendment rights. *Id.* at 481.

The Ninth Circuit Court of Appeals has recognized that the right to appeal a PACA reparation decision may properly be conditioned upon the posting of a security sufficient to protect the appellee "from loss of damages already awarded, interest and (citation omitted) costs on appeal, including reasonable attorney's fee." *O'Day,* 536 F. 2d at 860. The reason for the bond requirement is to assure that the appellee can later collect the amount it is owed and to encourage the appellee to defend the reparation

6

order in the District Court.  *Frutas*, 637 F. Supp. At 439 (citing *O'Day).*  Congress also intended "to discourage frivolous appeals taken for the purpose of delaying payment and thereby tending to defeat the purpose of the act."  H.R. No. 915, 75th Cong., 1st Sess., at 3 (1937).

The Ninth Circuit case of *Saharoff v. Commodity Futures Trading Commission, et al.,* 638 F.2d 90 (9th Cir. 1980) is also relevant to the present matter.  Similar to the PACA, the Commodity Futures Trading Commission has an administrative hearing process and also allows for appeals of its reparation orders.  Similar to an appeal of a PACA reparation order, an appeal of a Commodity Exchange Act reparation order is conditioned on the filing of a bond in double the amount of the reparation award within 30 days.  Section 18 of the Commodity Exchange Act has an appeal provision extremely similar to that in the PACA (7 U.S.C. §499g(c)), which states as follows:

> **Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail.**  Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States. The appellee shall not be liable for costs in said court. If the appellee prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs. 7 U.S.C. § 18(e)(emphasis added).

As can be seen by comparing this language of the Commodities Exchange Act to the language of the PACA (7 U.S.C. §499g(c)) also quoted herein, the appeal language is almost identical under the two acts.  The Ninth Circuit in the *Saharoff* case addressed this statute on the appeal of a reparation order and even looked to the Ninth Circuit *O'Day* case which addressed the bond requirement under the PACA.  The issue in *Saharoff* was whether an appeal was effective when the appellant failed to file a bond within the 30-day period, which makes its decision very relevant to this matter.  The

7

Ninth Circuit in *Saharoff* ruled that the plain meaning of the statutory language clearly requires that a bond be posted within the 30-day period. In other words, the filing of the bond is a <u>mandatory requirement</u> that must be complied with by the appellant within the 30-day period before there can be any judicial review. Since the appellant in *Saharoff* did not comply with the bond requirement, the appeal was dismissed (the Ninth Circuit also briefly addressed equal protection and due process arguments and reasoned that these protections are not violated by the bond requirements).

Likewise, the appeal in the present case should be dismissed for the same reasons as set forth in the *Saharoff* case. Moreover, the form of the bond must also comply with the statute. "[T]he term bond as used in Section 499g means a bond with good and sufficient surety or sureties conditioned and in form as provided in the statute and in the rules of our court." *Login Corporation v. Botner*, 74 F. Supp. 133, 135 (N.D. Cal. 1947). In *Login*, the Plaintiff Corporation filed with the court a document entitled "Bond on Appeal," in which the Plaintiff bound itself in the amount of $50,000 to pay any judgment for damages awarded on appeal. *Id.* at 133-34. Even this attempted compliance was insufficient and a motion to dismiss the appeal was granted by the court because the bond did not satisfy the statutory requirements.[1] *Id.* at 135.

Petitioner has not filed any bond at all in this appeal. Instead, Petitioner filed a Motion for Extension of Time to File Bond. Since the bond requirement is a jurisdictional prerequisite that Congress has made clear <u>must</u> be done within 30-days, Sunriver hereby requests that this appeal be dismissed in its entirety for failure to comply with the statutory appeal requirements. Since the present appeal should be dismissed, the Reparation Order issued by the Secretary of Agriculture shall therefore become final as the 30-day time period to appeal has now lapsed.

---

[1] Because Login was decided before the 1962 Amendments to 7 U.S.C. §499g(c), Plaintiff was allowed 10 days in which to file a bond with sufficient sureties before the appeal was dismissed entirely. The 1962 Amendment to the statute, however, makes clear Congress' intent that the filing of a bond within 30 days is jurisdictional. *See Chidsey,* 314 F. Supp at 481.

8

1 Allowing Petitioner to proceed with this action would subvert clear Congressional intent with respect to the bond requirement, because Petitioner would not have posted a bond sufficient to protect the appellee (Sunriver) and assure that the appellee can ultimately collect the amount due it. Congress made it very plain that not only must a liquid bond be filed within 30-days of the issuance of the reparation decision, but that because the non-appealing party (Sunriver here) is entitled to all attorney fees and costs incurred on appeal should it prevail, the bond has to be in double the amount of the principal PACA award, plus interest costs and reasonable attorney fees so that it will be sufficient to fully compensate the non-appealing party, such as Sunriver, should it prevail in the case by obtaining an Order from the U.S. District Court affirming the Reparation Order.

Allowing this appeal to proceed without the requisite bond being posted within the jurisdictionally mandated period would create a situation Congress intended to avoid. Since Congress made it clear that it is mandatory that the bond be posted within 30-days of issuance of the PACA Decision, no extension of time to this jurisdictional period can be granted and Petitioner's appeal therefore must be dismissed. To permit Petitioner to side-step the plain language of the statute simply should not be an option, since there is no question that Petitioner failed to perfect its right of appeal.

Finally, this Court should award all attorney fees and costs incurred by Sunriver in this appeal, subject to proof, pursuant to the specific language of the PACA. The PACA provides that if a losing party in the administrative proceeding appeals a reparation order of the Secretary of Agriculture, as Petitioner has done here, and if the non-appealing party (Sunriver here) prevails, "he shall be allowed a reasonable attorney's fees to be taxed and collected as a part of his costs." Specifically, 7 U.S.C. §499g(c) provides:

> Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court of the United States….Appellee **shall not** be liable for costs in said court and if appellee prevails he **shall be** allowed a reasonable attorney's fee to

<u>be taxed and collected as a part of his costs</u>.  7 U.S.C. §499g(c)(emphasis added).

Thus, the above-quoted statute makes an award of attorney's fees to Sunriver mandatory provided Sunriver prevails in this appeal.  If the Court agrees with Sunriver that Petitioner did not properly perfect its appeal and issues a new Order dismissing this case, then Sunriver would be the prevailing party in the appeal and consequently should be awarded its attorney's fees under 7 U.S.C. §499g(c).  In the event the Court dismisses Petitioner's appeal thereby affirming the U.S.D.A.'s Reparation Decision in this case, a fee application and/or affidavit itemizing the additional fees incurred subsequent to this Motion will be submitted to this Court.

## IV.

## CONCLUSION

The evidence points to a conclusion that since Petitioner failed to file a bond in the required amount and form by the required deadline, Petitioner has failed to meet the PACA jurisdictional requirements for eligibility to have this Court even consider its Petition for *de novo* review.  Therefore, because Petitioner failed to perfect the appeal within the 30-days allowed for such appeals by the Act (i.e., 30 days from the date of PACA Department's Decision and Order dated April 23, 2008), this Court is without jurisdiction to hear this case.  Accordingly, Sunriver respectfully requests that the Court reconsider and reverse its previous Order (dated June 6, 2008) in which Petitioner was allowed extra time to file a bond, and hold instead that since Petitioner failed to meet the jurisdictional requirements for perfecting its appeal in a timely manner, the appeal should be dismissed with prejudice with fees incurred being awarded to Sunriver.

Respectfully submitted,

RYNN & JANOWSKY, LLP

DATED:  June 26, 2008     /s/ Bart M. Botta
BART M. BOTTA, Attorneys for
SUNRIVER TRADING COMPANY

10