1  ROBERT E. GOLDMAN, Esq. (S.B. #159989)
   Law Office of Robert E. Goldman
2  1 East Broward Blvd., Ste. 700
   Fort Lauderdale, FL 33301
3  Tele: (954) 745-7450
   Fax: (954) 745-7460
4

5  Attorney for Produce Center, Inc.

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 PRODUCE CENTER, INC.,                )
                                        )   Case No.: 5:08-mc-80116 JW
13         Petitioner,                  )
                                        )
14 vs.                                  )   **OPPOSITION TO MOTION FOR
                                        )   RECONSIDERATION RE COURT'S
15 SUNRIVER TRADING COMPANY             )   JUNE 6, 2008 ORDER**
   LIMITED d/b/a SUNRIVER SALES,        )
16                                      )   Date: July 7, 2008
                                        )   Time: 9:00 a.m.
17         Respondent.                  )   Place: Courtroom 8, 4th Floor
                                        )
18                                      )
                                        )
19 ─────────────────────────────────

20         Petitioner Produce Center, Inc., hereby opposes Respondent Sunriver Trading

21 Company Limited's Motion for Reconsideration.

22 I.      <u>No Citation to Authority On Point</u>

23         Respondent does not cite to any Ninth Circuit Court of Appeals' precedent which is

24 on point and would warrant reconsidering the Court's Order dated June 6, 2008.

25 Respondent cites to *Saharoff v. Stone*, 638 F.2d 90 (9th Cir. 1980), a case which concerns

26 similar statutory bond language in a different statute. The issue there was "whether the

27 bond requirement is consistent with the due process and equal protection components of

28 the Fifth Amendment." *Id.* at. 92. So the case is not on point with the present issue of

─────────────────────────────────────────────
Opposition to Motion to Reconsider                    Case No. 5:08-mc-80116

whether the Court properly exercised its discretion to extend the time to file a bond. While not the holding, what occurred in that case supports this Court's authority to extend the time to file a bond. The Ninth Circuit said:

> "The determination of the amount is a peculiarly judicial function, and the Act is by its terms to be upheld in any valid application. 536 F.2d at 861-62. See 7 U.S.C. § 17. Saharoff was required to file the bond as reduced by the motions panel. His proposed alternatives do not satisfy the statutory requirement." *Id.* at 93.

So the Ninth Circuit reduced the amount of the bond from the statutory double bond amount, and then gave Saharoff time to file a bond in the reduced amount.[1] Here, the Court similarly provided Petitioner with time to file a bond.

II.   No Award of Attorney's Fees

If the Court reconsiders and rules that it lacks jurisdiction, then it is respectfully submitted that the same lack of jurisdiction would require that no attorney's fees be awarded pursuant to the subject cited statute.

>By:  s/ Robert E. Goldman
>Robert E. Goldman, Esq.
>CA Bar #159989
>Robert@goldmanlaw.com
>LAW OFFICE OF ROBERT E. GOLDMAN
>1 East Broward Blvd., Ste. 700
>Fort Lauderdale, FL 33301
>(954) 745-7450
>(954) 745-7460  Fax
>Attorney for Petitioner

---

[1] Saharoff did not do so, and so the appeal was dismissed.