

**United States
Department of
Agriculture**

Office of
Administrative
Law Judges

Hearing Clerk

Room 1031
South Building

1400 Independence
Avenue SW

Washington, DC
20250-9200

(202) 720-4443
(202) 720-9776 fax

RECEIVED

2008 JUL 14  PM 3: 13

RICHARD W. WIEKING
CLERK
U.S. DSTRICT COURT
NO. DIST. OF CA. S.J.

CERTIFIED RECEIPT REQUESTED

July 9, 2008

Richard Wieking
Clerk, US District Court
United States District Court
Northern District of California
San Jose,  California  95113

Dear Sir:

Subject:     **Sunriver Trading company Limited, d/b/a Sunriver Sales,
Complainant vs. Produce Center, Inc., Respondent**
PACA Docket No. R-08-022 [Civil Action No. CV 08-80116MISC-JW]

Enclosed are the certified copies of documents  you requested from the above captioned-
proceeding.

Please contact our office should you have any questions regarding the above matter.

Sincerely,

L. EUGENE WHITFIELD
Acting Hearing Clerk

Enclosures:

fccangeles/7/9/2008



# United States of America

## DEPARTMENT OF AGRICULTURE

### WASHINGTON

Edward T. Schafer, Secretary of the United States Department of Agriculture, do hereby certify that the annexed copy, or each of the specified number of annexed copies, is a true, correct and compared copy of a document in my official custody as hereinafter described:

**Sunriver Trading Company Limited, d/b/a Sunriver Sales, Complainant vs. Produce Center, Inc., Respondent**
PACA Docket No. R-08-022 [Civil Action No. CV 08-80116MISC-JW]

1. Complaint, with exhibits attached, filed May 24, 2007, by Norman Evans, President, Sunriver Trading Company Limited d/b/a Sunriver Sales;

2. Answer, with exhibits attached, dated August 13, 2007, signed by Andy Pena, Salesman; and

3. Decision and Order, issued April 23, 2008, by William G. Jenson, Judicial Officer.

In testimony whereof I have hereunto caused the seal of the Department of Agriculture to be affixed and my name subscribed in the District of Columbia, this

8th day of July, 2008

SECRETARY OF AGRICULTURE

By
L. EUGENE WHITFIELD, Acting Hearing Clerk
Office of the General Counsel

OGC 74 (Rev.

UNITED STATES OF AMERICA
BEFORE THE SECRETARY OF AGRICULTURE
PACA FILE # W-07-155
PACA DOCKET NO. _____

RECEIVED PACA

MAY 24 2007

U.S. DEPARTMENT OF AGRICULTURE
TUCSON, AZ

SUNRIVER TRADING COMPANY LIMITED      )
DBA SUNRIVER SALES                                     )
       Complainant                                          )
                               )
        v.                                                        )        COMPLAINT
                               )
PRODUCE CENTER INC.                                  )
       Respondent                                           )

Complainant above-named respectfully alleges:

    1.  That Complainant is a corporation, SUNRIVER TRADING COMPANY LIMITED dba SUNRIVER SALES, whose post office address is P.O. Box 2738, Visalia, California 93279-2738.

    2.  That Complainant is informed and believes that Respondent is a corporation, PRODUCE CENTER INC., whose post office address is 36 E. Romie Lane, Salinas, California 93902.

    3.  That Respondent, at the time of the transaction involved herein, was licensed, or was subject to license, under the Perishable Agricultural Commodities Act of 1930 as a dealer, commission merchant, and/or broker.

    4.  That on or about the 6th day of December 2006, in the course of interstate commerce, Complainant by oral contract sold to Respondent 1,950 Red Globe Table Grapes being a perishable agricultural commodity at $17.70 per

1

carton plus $25.00 for temperature recorder for a total FOB invoice value of $34,540.00, see Exhibit No. 1.

5. That Complainant shipped on December 7, 2006 from loading point in the State of California, in interstate commerce to Respondent at Pompano Beach, in the State of Florida, the kind, quality, and size of commodity called for in said contract of sale and in the manner agreed upon in a truck arranged for by Respondent.

6. That upon arrival of said table grapes at destination, Respondent accepted the commodity in compliance with said contract of sale but has since failed, neglected, and refused to pay Complainant the agreed purchase price amounting to $34,540.00.

Further, Complainant requests an additional $300.00 as reimbursement for its payment of the PACA formal filing fee.

7. That the matters and actions set forth herein constitute a violation by Respondent of Section 2 of the Perishable Agricultural Commodities Act of 1930.

8. That there is now due and owing Complainant from Respondent the sum of $34,840.00, no part of which has been paid.

9. Complainant's exhibits, numbered 1 to 3 inclusive, are original or true copies of original papers relating to the matters involved herein and are attached hereto as a part of this complaint.

**WHEREFORE,** Complainant prays that a copy of this complaint be served upon the above-named Respondent and that it be required to answer the charges herein stated in writing within such time as the Secretary may require; that, upon the record made, either with or without formal hearing, as provided in the Act or in the regulations, and by appropriate order, the Complainant be awarded such amount of damages as it may be entitled to receive according to the facts established, and that the Secretary also make such other and further orders and take such disciplinary action contemplated by Section 8 of the Act as may be deemed fit and proper in the premises.

Dated this _10th_ day of __May__, 2007.

SUNRIVER TRADING COMPANY
LIMITED DBA SUNRIVER SALES

By: _____

Title: _____

_Norman Evans_____, being first duly sworn, says that he/she has read the foregoing complaint and knows the contents thereof and that the same are true, except as to those matters therein stated on information and belief, and as to such matters he/she believes them to be true, and that he/she is duly authorized to sign the complaint on behalf of the Complainant.

Subscribed and sworn to before me this _10th_ day of _May_, 2007.

_____
Notary Public       (559) 732-4118

JENNIFER DE SIMAS
Commission # 1694327
Notary Public - California
Tulare County
My Comm. Expires Oct 15, 2010

3

01-19-07  01:55pm  From-                          6597388788          T-071  P.01/02  F-900

# INVOICE

SUNRIVER
S A L E S

P.O. BOX 2738 • VISALIA, CALIFORNIA 93279
Sales: (559) 592-6400 • Fax (559) 592-6447
Accounting. (559) 738-8783 • Fax (559) 738-8785

INVOICE NO. 43259X

INVOICE DATE: Dec 13, 2006

PAYMENT TERMS: NET 10 DAYS

SHIPPING DATE: Dec 06, 2006

SHIPPED FROM:
FREIGHT TERMS: FOB

BUYER ID                    PO#  B2628

SOLD TO: PRODUCE CENTER, INC.          SHIP TO: PRODUCE CENTER, INC.
P.O. BOX 37
SALINAS CA 93902                       POMPANO BEACH FL

INSPECTION.                    B/L: 43259X
ROUTING.
OUR ORDER NO.. 43259X    SALESMAN. JOHN     LICENSE NO.. C70294    Page 1 of 1
BROKER:

| DESCRIPTION | QUANTITY | PRICE | UNIT | AMOUNT |
|---|---|---|---|---|
| RD GLOBE GRAPES 19# BAG | 1950 | 17.70 | ctn | 34,515.00 |
| RCORDER | | 25.00 | | 25.00 |

## EXHIBIT NO. 1

THE PERISHABLE AGRICULTURAL COMMODITIES LISTED ON THIS INVOICE ARE SOLD SUBJECT TO THE STATUTORY TRUST AUTHORIZED BY SECTION 5C OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT, 1930 (7 U.S.C. 499E(C)) THE SELLER OF THESE COMMODITIES RETAINS A TRUST CLAIM OVER THESE COMMODITIES, ALL INVENTORIES OF FOOD OR OTHER PRODUCTS DERIVED FROM THESE COMMODITIES, AND ANY RECEIVABLES OR PROCEEDS FROM THE SALE OF THESE COMMODITIES UNTIL FULL PAYMENT IS RECEIVED SHOULD ANY ACTION BE COMMENCED BETWEEN THE PARTIES TO THIS CONTRACT CONCERNING THE SUMS DUE HEREUNDER OR THE RIGHTS AND DUTIES OF ANY PARTY HERETO OR THE INTERPRETATION OF THIS CONTRACT, THE PREVAILING PARTY IN SUCH ACTION SHALL BE ENTITLED TO, IN ADDITION TO SUCH OTHER RELIEF AS MAY BE GRANTED, AN AWARD AS AND FOR THE ACTUAL ATTORNEY'S FEES AND COSTS IN BRINGING SUCH ACTION AND/OR ENFORCING ANY JUDGMENT GRANTED THEREIN

TERMS: ALL SHIPMENTS BASED ON GOOD DELIVERY STANDARDS. ALL CLAIMS OR ALLOWANCES MUST BE SUBSTANTIATED BY A U.S.D.A. INSPECTION AND A TEMPERATURE RECORDING DEVICE RECORD. THIS INVOICE IS DEEMED ACCURATE ANY DISCREPANCIES MUST BE BROUGHT TO THE ATTENTION OF SUNRIVER SALES WITHIN 24 HOURS OF RECEIPT. 1.5% PER MONTH WILL BE CHARGED ON PAST DUE ACCOUNTS (18% ANNUAL PERCENTAGE RATE). PLEASE RETURN ONE COPY OF INVOICE WITH REMITTANCE.

PLEASE PAY
34,540.00 USD
TOTAL AMOUNT

1950
TOTAL QUANTITY



EXHIBIT NO. 2

03-16-07  09:35am  From-                    5597388766           T-242   P.02/02   F-318

STRAIGHT BILL OF LADING FOR EXEMPT COMMODITIES

## "TONY" GUERRIERO COLD STORAGE
1081 S. McCALL AVE.    SANGER, CA 93657

THIS SHIPMENT IS FREIGHT COLLECT
(Unless otherwise stated)

| Boat Number | Consignee | | Bill of Lading No. |
|---|---|---|---|
| WL299 | Sunriver Sales Visalia, CA | | 51914 |
| Salesman | | | Ship Date 12/7/06 |
| Buyer PO # | Destination Pompano Beach, FL | | Ship From Sanger, CA |
| Phone | | | Terms |

| Via | | Carrier | Trailer License | State |
|---|---|---|---|---|
| Truck / Ship / Air | Piggy Rail | MLD | C70294 | FL |
| | | Container No. | Seal No. | |
| USDA No. | | @ $ | Phyto No. | @ $ |

Reporting Instructions

| Packages Ordered | Packages Shipped | Description of Articles, Special Marks, and Exceptions | Weight |
|---|---|---|---|
| 1950 | | Sunriver Red Globe Grapes Styro 19# Bags @ 17 ²⁰ | |

JOHN - 43259
THANK YOU,
STEVE

| Total Packages Shipped | | | Total Weight |
|---|---|---|---|
| 1950 | | | |

| Reorder No. | | Chart No. | Acreage | Temperature Setting |
|---|---|---|---|---|
| A950531 | @ $25 co | | @ $12 ⁵⁰ each | 45 |

Loading Instructions

Delivery Instructions

| Billing Instructions | Carrier arranged for by: | | Charges paid by: | |
|---|---|---|---|---|
| | Shipper | Receiver | Shipper | Receiver |

| Shipper Signature: | Consignee's Receipt: | Signed | Date | Time | AM |
|---|---|---|---|---|---|

| Driver's Receipt: | Shipper's Signature: | Date 12/7/06 | Time In | AM |
|---|---|---|---|---|
| Signed | Signed | | Time Out | AM |

B.O.L. - B.O.L.                                                    TOTAL  P.01

# EXHIBIT NO. 3

UNITED STATES OF AMERICA

# BEFORE THE SECRETARY OF AGRICULTURE

PACA FILE # W-07-155

P.A.C.A. DOCKET NO._____

| | | |
|---|---|---|
| SUNRIVER TRADING COMPANY LIMITED | ) | |
| DBA SUNRIVER SALES | ) | |
| Complainant | ) | |
| | ) | ANSWER |
| v. | ) | |
| | ) | |
| PRODUCE CENTER INC. | ) | |
| Respondent | ) | |

The above named respondent, for answer to the complaint in this proceeding, states:

1.  Admitted
2.  Admitted
3.  Admitted
4.  Admitted
5.  An USDA inspection was taken on December 11th because of problems in the grapes upon arrival. They failed to make grade due to excessive serious defects. The complainant was promptly notified of problems in the grapes and that the original contract was broken due to product quality. The complainant informed the respondent to have his customer handle the product for his account or P.A.S. terms.
6.  Respondent has provided account of sales and paid the complainant the proceeds from
    his customer less his brokerage. The complainant wants more money than was realized for the product but due to the amount of wet and sticky in the grapes the market was very limited.

7.  Denied
8.  Respondents check #047811 for $5,170.73 was deposited by the complainant on May 1, 2007.
9.  Respondents exhibits, numbered 1 to 7 inclusive, are original or true copies of original
    papers relating to the matters involved herein and are attached hereto as a part of this complaint.

Dated this _13th_ day of _August_, 2007

PRODUCE CENTER, INC.

By: _Andy M. Peña_

Title: _Salesman_

I, _Andy M. Peña_, Being first duly sworn, says that he has read the foregoing answer and knows the contents thereof, and that the same is true, except as to the matter therein stated on information as belief, and as to such matter he believes it to be true, and that he i duly authorized to sign the answer.

Subscribed and sworn to before me this_____Day of _____, 2007

STATE OF CALIFORNIA
COUNTY OF MONTEREY

Subscribed and sworn to (or affirmed) before me this _13_ day of _August_, _2007_ by _Andy M. Peña_, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
NOTARY PUBLIC

_____
Notary Public

APRIL WILSON
COMM. #1746154
NOTARY PUBLIC · CALIFORNIA
MONTEREY COUNTY
My Comm. Exp. May 28, 2011

U.S. DEPARTMENT OF AGRICULTURE
AGRICULTURAL MARKETING SERVICE
**INSPECTION CERTIFICATE**

M - 128702

EXHIBIT #1

S. A. 047

APPLICANT

WARNING: Any person who knowingly shall falsely make, issue, forge, or counterfeit this certificate or participate in any such action, is subject to a fine of not more than $1,000 or imprisonment for not more than one year, or both.

FORM FV-300 (09-99) Use previous edition dated (03-99).

REMARKS:

I the undersigned, a duly authorized inspector of the United States Department of Agriculture, do hereby certify that at the request of the applicant and on the date indicated, samples of the herein described product were inspected and the quality and/or condition as shown by said samples were as herein shown.

Inspector's Signature

ESTIMATED TOTAL

$913

GRADE: 100

OFFSIZE/DEFECTS: OTHER:

Product: Table Grapes

Brand/Marking: SUN RIVER LINDITA G

Origin: CA Red Globe

Number of Containers: 1950 cuts

Inspection Started: 12/11/06 12:40 pm

Applicant: SUN CANYON FLO
Address: B4 1050 BEACH FL
Shipper: PRODUCE ORDER
Address: WILLIAMS ORDER
SALINAS CA

Site: WILLIAMS WAREHOUSE

Slighty berries
Crushed + Split oval Berries - Berries Crushed
Silightly Decaled Estuy - Firmly Attached
Wet Sticky Berries form Juice Caking (frozen) to Cap Stems
decay Berries
Chalsson - Cap Stems mostly
good some turning
blown + plabul

Sun River #W1279

Auto Cuts # 82628

Rosebud Beach FL



( EXhibit #2 )

# PRODUCE CENTER, INC.

P.O Box 37 Salinas, California 93902
TOLL FREE: 1-800-538-5842/831-757-8983
FAX: 831-757-2285
Web:  www.producecenter.com



★★★★  ✕✕✕✕

APRIL 24, 2007



### ATTN.:  ACCOUNTS RECEIVABLE
### RE.: SUNRIVER #W1299, PRODUCE CENTER #82628


THIS AMOUNT OF $5,170.73 IS THE NET PROCEEDS FROM THE ORIGINAL RETURN AMOUNT REPORTED TO SUNRIVER. SEE ABOVE FOR REFERENCE.


THANK YOU,


ANDY M. PINA
PRODUCE CENTER. INC.

**PRODUCE CENTER, INC.**
ACCOUNTS PAYABLE
P.O. BOX 37 • SALINAS, CA 93902
(831) 757-8983

047811
CHECK NO.

BANK,
(800) 942-6222

90-3642
1222

**PAY**
TO THE
ORDER
OF

*****************FIVE THOUSAND ONE HUNDRED SEVENTY AND 73/100 DOLLARS*****************

04/24/2007

CHECK AMOUNT
*$5,170.73

SUNRIVER
P.O. BOX 2738
VISALIA, CA  93279

⑈047811⑈ ⑆122238420⑆ 066002896⑈

---

**PRODUCE CENTER, INC.** P.O. BOX 37 • SALINAS, CA 93902 (831) 757-8983
Date: 04/24/2007          Vendor: SUNR          Check #: 47811          047811

| Date | Invoice # | Description | Invoice Total | Discount | Net Paid |
|------|-----------|-------------|---------------|----------|----------|
| 04/24/2007 | 82628/W1299 | | 5,170.73 | 0.00 | 5,170.73 |
| | | Check Totals: | 5,170.73 | 0.00 | 5,170.73 |

**PRODUCE CENTER, INC.** P.O. BOX 37 • SALINAS, CA 93902 (831) 757-8983
Date: 04/24/2007          Vendor: SUNR          Check #: 47811          047811

| Date | Invoice # | Description | Invoice Total | Discount | Net Paid |
|------|-----------|-------------|---------------|----------|----------|
| 04/24/2007 | 82628/W1299 | | 5,170.73 | 0.00 | 5,170.73 |
| | | Check Totals: | 5,170.73 | 0.00 | 5,170.73 |

EXHIBIT #3



This is a LEGAL COPY of your check. You can use it the same way you would use the original check.

#478 1 1    20070502    $5,170.73

Exhibit #4

PRODUCE CENTER, INC.
ACCOUNTS PAYABLE
P.O. BOX 67, DINUBA, CA 93618
(805) 555-5555

PAY TO THE ORDER OF

RANGPUR
P.O. BOX 2725
VISALIA CA 93279

04/26/2007    CHECK AMOUNT
$5,170.73

FIVE THOUSAND ONE HUNDRED SEVENTY AND 73/100 DOLLARS

UA7811
RANGPUR

⑈1221052783⑈ 05/01/2007
0000011271646B

AHM
JOHN @
SUN River
Pg. 1 of 3

EXHIBIT    S



2230 SW 2nd Street, Pompano Beach, FL 33069
Tel. 1(954) 972-8383ext 130 Fax 1(954) 545-6442
lucy@sunexp.com

### CLAIM SETTLEMENT

Inspection Certificate # M-128702          ☑ Shipper Claim

| | |
|---|---|
| Shipper: | PRODUCE CENTER |
| Shipper Number: | 82628 |
| SunCity Orig PO#: | 36215 |
| SunCity New PO#: | 36215 |
| Received Date: | Sunday, December 10, 2006 |
| Truck: | TRAFFIC FREIGHT |

☐ Truck Claim

0

| Quantity Received | Quantity Sold | | Item | | Return |
|---|---|---|---|---|---|
| 1950 | 980 | | GRAPE RED GLOBE CA | | $10.03 |
| 0 | 970 | 0 | Dumped | 0 | $0 |
| 0 | Temp N/C | 0 | | 0 | $25 |
| 0 | | 0 | | 0 | $ |
| 0 | | 0 | | 0 | $ |
| 0 | | 0 | | 0 | $ |
| 0 | | 0 | | 0 | $ |
| 0 | Freight | 0 | on 970 @2.61 | 0 | $2531.17 |
| 0 | Handling | 0 | 970 @1.00 | 0 | $970.00 |
| | Sub | | | | $9629.40 |
| | Dump fee | | | | $600.00 |
| | Insp | | | | $95.00 |
| | Total Pro-Center | | | | $2487.50 |

Authorized Signature:X

Print Name                                      $5,633.23
                                                  NET TO
                                                  SUN RIVER

*Please sign and fax back to 1(954) 545-6442 Attn:Lucy*

[ EXHIBIT #6 ]

AHN
JOHN C.
SUN River
Pg. 2 OF 3

# PRODUCE CENTER INC.

P.O. BOX 37
SALINAS, CA 93902
800-538-5842
Fax: 831-757-2285

### Invoice

| | |
|---|---|
| Invoice #: | 82628 |
| Ship Date: | 12/07/2006 |
| Invoice Date: | 12/07/2006 |
| Your P.O. #: | 36215 |
| Salesman: | |

Acct #:   279

**Sold To:**

SUN CITY PRODUCE CO.
2230 S.W. 2ND STREET
POMPANO BEACH, FL 33069

**Ship To:**

SAME

| Truck:  TRIFFIC FREIGHT | Due Date: 12/28/2006 | Terms: Net 21 Days |
|---|---|---|
| License:  E70284 FLA | | |

| Description | Label | Quantity | Units | Price | P/C | Total |
|---|---|---|---|---|---|---|
| GRAPES RED GLOBES | 19# | 1950 ~980~ $10.05 | | ~17.95~ | | 35,002.50 |
| RECORDER | A950531 | | 1 | 25.00 | | 25.00 |
| | | 1950 | | Total: | | 35,027.50 |

**CLAIM**

**PLEASE SIGN AND FAX BACK**

X _____  1/8/07

Claim Adj ⟨25,173.10⟩
970cs dump fee ⟨600.00⟩
970cs freight $2.61 ⟨2,531.17⟩
970cs Handling $1 ⟨970.00⟩
INSP ⟨95.00⟩

$5,658.23

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a Trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received

U.S. DEPARTMENT OF AGRICULTURE
AGRICULTURAL MARKETING SERVICE

**INSPECTION CERTIFICATE**

M - 130206

Applicant: Sun Commodities
Address: Pompano Beach FL

Shipper: Produce Connect
Address: Salinas, CA

Insp. Site: Applicants Warehouse

Product: Table Grapes

Brand/Marking: SunRiver" net wt 18 lbs

Origin/Lot ID: 01 03 07 08 35 A

Number of Containers: 970 cases

CARTON Y
Grade: CA Red Globe

OFFSIZE/DEFECTS:
Berries mostly firm and
mostly firmly attached to
capstems

Stems mostly turning some
Brown, and pliable.

Decay mostly advanced some
Early Stages.

REMARKS: Applicant States above Product to be Dumped.

Ref — Sun River # 401299

WARNING: Any person who knowingly shall falsely make, issue, alter, forge, or counterfeit this certificate or participate in any such actions, is subject to a fine of not more than $1,000 or imprisonment for not more than one year, or both.

I, the undersigned, a duly authorized inspector of the United States Department of Agriculture, do hereby certify that at the request of the applicant and on the date indicated, samples of the herein described product were inspected and the quality and/or condition was as shown by said samples were as herein stated.

Inspector's Signature: PompanoBeach FL

ESTIMATED TOTAL $ 96.00

APPLICANT

UNITED STATES DEPARTMENT OF AGRICULTURE

BEFORE THE SECRETARY OF AGRICULTURE

| | | |
|---|---|---|
| Sunriver Trading Company Limited,<br>d/b/a Sunriver Sales, | ) <br> ) <br> ) | PACA Docket No. R-08-022 |
| Complainant | ) <br> ) | |
| v. | ) <br> ) | |
| Produce Center, Inc., | ) <br> ) | |
| Respondent | ) | Decision and Order |

## **Preliminary Statement**

This is a reparation proceeding under the Perishable Agricultural Commodities

Act, 1930, as amended (7 U.S.C. § 499a *et seq*.), hereinafter referred to as the Act. A

timely Complaint was filed with the Department in which Complainant seeks a reparation

award against Respondent in the amount of $34,540.00 in connection with one truckload

of grapes shipped in the course of interstate commerce.

Copies of the Report of Investigation prepared by the Department were served

upon the parties. A copy of the Complaint was served upon the Respondent, which filed

an Answer thereto, denying liability to Complainant.

Although the amount claimed in the Complaint exceeds $30,000.00, the parties

waived oral hearing. Therefore, the documentary procedure provided in Section 47.20 of

the Rules of Practice (7 C.F.R. § 47.20) is applicable. Pursuant to this procedure, the

verified pleadings of the parties are considered part of the evidence of the case, as is the

Department's Report of Investigation ("ROI"). In addition, the parties were given the

opportunity to file evidence in the form of verified statements and to file Briefs.

Complainant filed an Opening Statement. Respondent did not elect to file any additional

evidence. Neither party submitted a Brief.

### Findings of Fact

1.    Complainant, Sunriver Trading Company Limited, doing business as Sunriver

Sales, is a corporation whose post office address is P.O. Box 2738, Visalia, California,

93279-2738. At the time of the transaction involved herein, Complainant was licensed

under the Act.

2.    Respondent, Produce Center, Inc., is a corporation whose post office address is

P.O. Box 37, Salinas, California, 93902. At the time of the transaction involved herein,

Respondent was licensed under the Act.

3.    On or about December 6, 2006, Complainant, by oral contract, sold to

Respondent, and agreed to ship from loading point in the state of California, to

Respondent's customer, Sun Commodities, in Pompano Beach, Florida, 1,950 cartons of

19-pound bagged Red Globe grapes at $17.70 per carton, or $34,515.00, plus $25.00 for a

temperature recorder, for a total f.o.b. contract price of $34,540.00.

4.    On December 11, 2006, at 12:40 p.m., a U.S.D.A. inspection was performed on

the grapes mentioned in Finding of Fact 3 at the warehouse of Sun Commodities, in

Pompano Beach, Florida, the report of which disclosed 16% average defects, including

2% damage by shattered berries, 1% damage (including 1% serious damage) by crushed,

split open berries, 1% damage (including 1% serious damage) by sulphur dioxide injury,

11% damage (including 11% serious damage) by wet and sticky berries, and 1% decay.

Pulp temperatures at the time of the inspection ranged from 37 to 38 degrees Fahrenheit.

5.    On January 3, 2007, a second U.S.D.A. inspection was performed on 970 cartons of the grapes at the warehouse of Sun Commodities, in Pompano Beach, Florida, the report of which disclosed 28% average defects, including 10% damage (including 10% serious damage) by wet and sticky berries, 4% damage by shattered berries, and 14% decay. Pulp temperatures at the time of the inspection ranged from 38 to 39 degrees Fahrenheit. In the remarks section of the certificate the inspector wrote "APPLICANT STATES ABOVE PRODUCT TO BE DUMPED."

6.    Sun Commodities reported gross sales of $9,854.40 (980 cartons at an average sales price of $10.03 per carton plus $25.00 for the temperature recorder), from which it deducted a dump fee of $600.00 for the 970 cartons of grapes that were dumped, freight in the amount of $2,531.17 (970 cartons at $2.61 per carton), handling in the amount of $970.00, and the U.S.D.A. inspection fee of $95.00, which left a net amount due Respondent for the grapes of $5,658.23. From this amount, Respondent deducted $0.25 per carton, or $487.50, and paid Complainant the balance of $5,170.73 with check number 047811, dated April 24, 2007.

7.    The informal complaint was filed on January 25, 2007, which is within nine months from the accrual of the cause of action.

## Conclusions

Complainant brings this action to recover the agreed purchase price for one truckload of grapes sold to Respondent. Complainant has, however, acknowledged in its Opening Statement that Respondent has remitted the sum of $5,170.73 for the grapes.[1] Therefore, the amount in dispute is the unpaid invoice balance of $29,369.27. In defense of its failure to pay Complainant this amount, Respondent asserts in its sworn Answer that the grapes failed to make grade due to excessive serious defects, as a result of which Complainant instructed Respondent to have its customer "handle the product for his account or P.A.S. terms."[2] In accordance with this agreement, Respondent states it has provided an account of sales and paid Complainant the proceeds received from its customer less brokerage.[3]

In response to Respondent's allegations, Complainant filed additional evidence in the form of an Opening Statement affidavit signed by its salesperson, John Doyle. In the affidavit, Mr. Doyle states he personally negotiated the transaction in question with Respondent's salesman and buyer, Andy Pina. Mr. Doyle states that when Mr. Pina informed him of the U.S.D.A. inspection results, he advised Mr. Pina that he would be more than happy to take the grapes back and move them to a customer in Dallas, Texas. According to Mr. Doyle, Mr. Pina stated at that time that his customer needed the grapes and would sell them right away. Mr. Doyle states he nevertheless informed Mr. Pina on a daily basis that if Respondent's customer was unable to move the grapes quickly and at a good price, he should allow Complainant to move the grapes to its customer in Dallas.

---

[1] See Opening Statement Affidavit of John Doyle, Complainant's Salesperson, page 2.
[2] See Answer, paragraph 5.
[3] See Answer, paragraph 6.

At one point, Mr. Doyle states Mr. Pina requested that he deal with Respondent's customer directly, but Mr. Doyle asserts that he at all times considered the contract as being with Mr. Pina of Respondent, and that Mr. Pina was responsible for making sure that the grapes were sold promptly and properly for the best advantage of Complainant.[4] In this regard, Mr. Doyle refers to the U.S.D.A. inspection of January 3, 2007, which shows that 970 cartons of grapes remained unsold as of that date.[5] Mr. Doyle cites this as evidence that Respondent's customer did not resell the grapes in a prompt and proper manner.[6]

Upon review of the pleadings submitted by the parties, we note first that Respondent suggests in its sworn Answer that the terms of the contract were modified after the grapes were inspected at the place of business of Respondent's customer. Specifically, Respondent states that Complainant advised Respondent to have its customer handle the grapes for "his account" or on "P.A.S." terms. The problem with this statement, however, is that the words used by Respondent may be interpreted as having very different meanings, i.e., the phrase "handling for his account" suggests a consignment agreement,[7] whereas the term "P.A.S." stands for price after sale, a term that is normally understood as meaning a sale where the price is left to be agreed upon between the parties after the goods are resold.[8] Moreover, Complainant's response provides no clarity to this issue. While Complainant states that Respondent was responsible for selling the grapes "for the best advantage" of Complainant, a phrase that

---

[4] See Opening Statement Affidavit of John Doyle, Complainant's Salesperson, page 2.
[5] See Answer, Exhibit #7.
[6] See Opening Statement Affidavit of John Doyle, Complainant's Salesperson, page 3.
[7] See United Packing Co. v. D.L. Pizza Co., 18 Agric. Dec. 161 (1959).
[8] See Eustis Fruit Co., Inc. v. The Auster Co., Inc., 51 Agric. Dec. 865 at 877 (1991).

could be interpreted as suggesting a consignment arrangement, this statement may be just as readily understood as meaning that Respondent, having notified Complainant of an alleged breach of contract, was obligated to promptly resell the grapes to minimize the damages flowing to Complainant as a result of the alleged breach. Consequently, since we cannot ascertain the nature of the modification, nor are we certain that a modification was intended, we conclude that the original terms of the contract remained in effect after the grapes were inspected at the contract destination.

Next we will consider whether the evidence establishes a breach by Complainant of the original contract. The grapes were sold under f.o.b. terms, which means that the warranty of suitable shipping condition is applicable.[9] The Regulations (7 C.F.R. § 46.43(j)) define suitable shipping condition as meaning:

> ... that the commodity, at time of billing, is in a condition which, if the shipment is handled under normal transportation service and conditions, will assure delivery without abnormal deterioration at the contract destination agreed upon between the parties.[10]

[9] The Regulations (7 C.F.R. § 46.43(i)) define f.o.b. as meaning, "... that the produce quoted or sold is to be placed free on board the boat, car, or other agency of the through land transportation at shipping point, in suitable shipping condition ..., and that the buyer assumes all risk of damage and delay in transit not caused by the seller irrespective of how the shipment is billed."

[10] The suitable shipping condition provisions of the Regulations (7 C.F.R. § 46.43(j)) which require delivery to contract destination "without *abnormal* deterioration", or what is elsewhere called "good delivery" (7 C.F.R. § 46.44), are based upon case law predating the adoption of the Regulations. See Williston, *Sales* § 245 (rev. ed. 1948). Under the rule it is not enough that a commodity sold f.o.b., U. S. No. 1, actually be U. S. No. 1 at time of shipment. It must also be in such a condition at the time of shipment that it will make good delivery at contract destination. It is, of course, possible for a commodity that grades U. S. No. 1 at the time of shipment, and is shipped under normal transportation service and conditions, to fail to make good delivery at destination due to age or other inherent defects which were not present, or were not present in sufficient degree to be cognizable by the federal inspector, at shipping point. Conversely, since the inherently perishable nature of commodities subject to the Act dictates that a commodity cannot remain forever in the same condition, the application of the good delivery concept requires that we allow for a "normal" amount of deterioration. This means that it is entirely possible for a commodity sold f.o.b. under a U. S. grade description to fail, at destination, to meet the published tolerances of that grade, and thus fail to grade at destination, and nevertheless make good delivery. This is true because under the f.o.b. terms the grade description applies only at shipping point, and the applicable warranty is only that the commodity thus sold will reach contract destination without abnormal deterioration, not that it will meet the grade description at destination. If the latter result is desired then the parties should effect a delivered sale rather than an f.o.b. sale. For all commodities other than lettuce (for

The United States Standards for Grades of Table Grapes[11] provide a tolerance at shipping point of 8% for undersize bunches and for bunches and berries failing to meet the other requirements of the grade, including therein not more than 2% for defects causing serious damage and 0.5% for decay.  Where, as here, the product is sold without a grade specification, we apply these percentages to the condition defects disclosed by the inspection.   In addition, when we look at a destination inspection to ascertain compliance with the suitable shipping condition warranty, we apply an additional allowance to the tolerances set forth in the standards to allow for normal deterioration in transit.  This is because we are looking at the condition at destination to determine compliance with the contract at shipping point.  The load of grapes in question was in transit for approximately five days, in which case we allow 15% for average defects, including therein not more than 6% for defects causing serious damage and 3% for decay.  As both the average defects and the serious damage disclosed by the inspection of the grapes in question exceed these allowances, we conclude that the grapes were not in suitable shipping condition.  Complainant's failure to ship grapes in suitable shipping condition constitutes a breach of contract for which Respondent is entitled to recover provable damages.

The general measure of damages for a breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they

---

which specific good delivery standards have been promulgated) what is "normal" or abnormal deterioration is judicially determined.  See Pinnacle Produce, Ltd. v. Produce Products, Inc., 46 Agric. Dec. 1155 (1987); G & S Produce v. Morris Produce, 31 Agric. Dec. 1167 (1972); Lake Fruit Co. v. Jackson, 18 Agric. Dec. 140 (1959); and Haines Assn. v. Robinson & Gentile, 10 Agric. Dec. 968 (1951).
[11] The United States Standards for Grades of Table Grapes (European or Vinifera Type), § 51.880 through 51.912, published by the United States Department of Agriculture, Agricultural Marketing Service, Fruit and Vegetable Division, Fresh Products Branch, and available in printed form from that source, or on the Internet at http://www.ams.usda.gov/standards/stanfrfv.htm.

would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount. U.C.C. § 2-714(2). The value of accepted goods is best shown by the gross proceeds of a prompt and proper resale as evidenced by a proper accounting prepared by the ultimate consignee. While Respondent states it provided Complainant with an account of sales, the accountings submitted in this proceeding show only the average sales price of $10.03 per carton.[12] Accountings that show only an average price are commonly not used to show the value of damaged goods resold by a buyer. See Great American Farms, Inc. v. William P. Hearne Produce Co., Inc., 59 Agric. Dec. 466 (2000); Supreme Berries, Inc. v. R. C. McEntire, Jr., 49 Agric. Dec. 1210 (1990). This is true because information concerning the individual sales is necessary to determine whether the sales were carried out in a prompt and proper manner. Moreover, we note that in the instant case there is evidence that the resales were not prompt, as nearly half of the grapes remained available for inspection on January 3, 2007, or more than three weeks after the first inspection took place. Under the circumstances, we cannot accept the average sales price reported by Respondent's customer as the best available evidence of the value of the grapes as accepted.

Absent an accounting, the value of goods accepted may be shown by use of the percentage of condition defects disclosed by a prompt inspection. Fresh Western Marketing, Inc. v. McDonnell & Blankfard, Inc., 53 Agric. Dec. 1869 (1994). Under this method, the value the grapes would have had if they had been as warranted is reduced by the percentage of condition defects disclosed by a prompt inspection to arrive at the value of the grapes as accepted. The first and best method of ascertaining the value the grapes

---

[12] See Answer, Exhibit #'s 5 and 6.

would have had if they had been as warranted is to use the average price as shown by

U.S.D.A. Market News Service Reports.  Pandol Bros., Inc. v. Prevor Marketing

International, Inc., 49 Agric. Dec. 1193 (1990).  The December 11, 2006, U.S.D.A.

Market News report for Miami, Florida, the nearest reporting location to Pompano

Beach, shows that 19-pound containers of bagged Red Globe grapes were mostly selling

for $17.00 to $18.00 per carton.  Using the average reported price of $17.50 per carton,

we find that the 1,950 cartons of grapes in question had a value if they had been as

warranted of $34,125.00.  When we reduce this amount by 16% to account for the defects

disclosed by the inspection, we arrive at a value for the grapes as accepted of $28,665.00.

As we mentioned, Respondent's damages are measured as the difference between

the value the grapes would have had if they had been as warranted ($34,125.00) and their

value as accepted ($28,665.00), or $5,460.00.  In addition, Respondent may recover the

U.S.D.A. inspection fee of $95.00 as incidental damages.  With this, Respondent's total

damages amount to $5,555.00.  When Respondent's damages totaling $5,555.00 are

deducted from the $34,540.00 contract price of the grapes, there remains an amount due

Complainant for the subject load of grapes of $28,985.00.  Respondent paid Complainant

$5,170.73 for the grapes.  Therefore, there remains a balance due Complainant from

Respondent of $23,814.27.

Respondent's failure to pay Complainant $23,814.27 is a violation of Section 2 of

the Act for which reparation should be awarded to Complainant.  Section 5(a) of the Act

requires that we award to the person or persons injured by a violation of Section 2 of the

Act "the full amount of damages sustained in consequence of such violations."  Such

damages include interest.  Louisville & Nashville Railroad Co. v. Sloss Sheffield Co.,

269 U.S. 217 (1925); <u>Louisville & Nashville Railroad Co. v. Ohio Valley Tie Co.</u>, 242

U.S. 288 (1916).  Since the Secretary is charged with the duty of awarding damages,

he/she also has the duty, where appropriate, to award interest.  See <u>Pearl Grange Fruit</u>

<u>Exchange, Inc. v. Mark Bernstein Co., Inc.</u>, 29 Agric. Dec. 978 (1970); <u>John W. Scherer</u>

<u>v. Manhattan Pickle Co.</u>, 29 Agric. Dec. 335 (1970); and <u>W.D. Crockett v. Producers</u>

<u>Marketing Association, Inc.</u>, 22 Agric. Dec. 66 (1963).  The interest that is to be applied

shall be determined in accordance with 28 U.S.C. § 1961, <u>i.e.</u>, the interest rate shall be

calculated at a rate equal to the weekly average one-year constant maturity treasury yield,

as published by the Board of Governors of the Federal Reserve System, for the calendar

week preceding the date of the Order.  <u>PGB International, LLC v. Bayche Companies,</u>

<u>Inc.</u>, Order on Reconsideration, 65 Agric. Dec. 669 (2006).

Complainant in this action paid $300.00 to file its formal Complaint.  Pursuant to

7 U.S.C. § 499e(a), the party found to have violated Section 2 of the Act is liable for any

handling fees paid by the injured party.

## **Order**

Within 30 days from the date of this Order, Respondent shall pay Complainant as reparation $23,814.27, with interest thereon at the rate of ___ 7 . 6 7 ___ % per annum from January 1, 2007, until paid, plus the amount of $300.00.

Copies of this Order shall be served upon the parties.

Done at Washington, DC

APR 2 3 2008

William G. Jenson
Judicial Officer
Office of the Secretary