IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Produce Center Inc.,<br><br>        Petitioner,<br>   v.<br><br>Sun River Trading Co., Ltd.,<br><br>        Respondent.<br>_____/ | NO. C 08-80116 JW<br><br>**ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION; DISMISSING PETITIONER'S PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

Produce Center, Inc. ("Petitioner") brings this appeal of an administrative decision of the United States Department of Agriculture ("USDA") pursuant to 7 U.S.C. § 499a, *et seq.* The USDA entered a reparation order awarding damages to Sun River Trading Co., Ltd. ("Respondent") in the amount of $23,814.27 for breach of contract regarding good delivery standards of Red Globe Grapes.

On June 6, 2008, the Court granted Petitioner an extension of time to post bond for its appeal. (Docket Item No. 5.) Presently before the Court is Respondent's Motion for Reconsideration of Court's June 6, 2008 Order. (hereafter, "Motion," Docket Item No. 11.) The Court conducted a hearing on July 7, 2008. Based on the papers submitted to date and oral arguments of counsel,[1] the Court GRANTS Respondent's Motion and DISMISSES Petitioner's Petition.

---

[1] Counsel for Petitioner did not appear to defend this motion.

## II. DISCUSSION

Respondent moves for reconsideration on the ground that the Court lacks subject matter jurisdiction because it has no authority to grant an extension of time for Petitioner to perfect its appeal by posting bond and the time for posting bond has passed. (Motion at 2.)

Under 7 U.S.C. § 499g(c) of the Perishable Agricultural Commodities Act ("PACA"), a Petitioner may appeal the Secretary of Agriculture's findings in the United States District Court for the district in which the hearing was conducted. "Such appeal *shall not be effective* unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond . . . ." Id. (emphasis added). The requirement that the bond be filed within thirty days is jurisdictional. See Chicago Commodities, Inc. v. Commodities Futures Trading Com'n, 811 F.2d 1262, 1263 (9th Cir. 1987). The clerk must receive the bond within the thirty-day time period, which begins to run on the date of the reparation order being appealed. Id.; see Kessenich v. Commodity Futures Trading Com'n, 684 F.2d 88, 91-92 (D.C. Cir. 1982).

Previously, the Ninth Circuit had recognized that "[u]nder the 'unique circumstances' doctrine, an appellate court may hear a late-filed appeal if the delay was induced by affirmative assurances from the district court that the appeal would be timely." See Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir. 1992) (citations omitted). However, the Supreme Court has since held that a district court has no authority to extend the time for perfecting an appeal when the time limit is explicitly set by statute, and that reliance on a district court to that effect does not create a "unique circumstances" exception. See Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).

The USDA issued a reparation order awarding damages to Respondent on April 23, 2008. (Motion at 2.) Petitioner filed its appeal with the Court on May 23, 2008, thirty days after the USDA's decision and order. (Docket Item No. 1.) In order to comply with § 499g(c), Petitioner would have had to post bond on or before the date of filing its appeal with the Court. Petitioner had not filed bond as of June 26, 2008. (Motion at 8.) Therefore, Petitioner has failed to comply with the requirements for perfecting its appeal under PACA. Since the bond requirement is jurisdictional and the Court has no authority to extend the time in which to file, the Court lacks subject matter jurisdiction.

2

### III. CONCLUSION

The Court GRANTS Respondent's Motion for Reconsideration. The Court DISMISSES Petitioner's Petition for lack of subject matter jurisdiction.

Dated: July 7, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

robert@goldmanlaw.com
bart@rjlaw.com

**Dated: July 7, 2008**                                       **Richard W. Wieking, Clerk**

                                                              **By:   /s/ JW Chambers**
                                                                     **Elizabeth Garcia**
                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California